ANDREW KRAUS ET UX., PLAINTIFFS, v. PETER W. FISHER, DEFENDANT.

Decided October 6, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *W. Holt Apgar.*

*Contra, William II. D. Cox* and *John J. Francis.*

PER CURIAM.

The plaintiffs, Andrew Kraus and his wife, Daisy, instituted the present suit against the defendant, Fisher, to recover compensation for injuries received by each of them while riding as passengers in defendant's car by his invitation when that car collided with a train of the Central Railroad Company of New Jersey at a grade crossing at Three Bridges. The defendant denied liability for the accident, and the trial resulted in a verdict in his favor. The proofs showed that Fisher and his guests, the present plaintiffs, were traveling in a southerly direction along Main street in Three Bridges. This street is crossed at grade by the tracks of the Central Railroad Company. The crossing is not protected by gates, but on the southerly side of the tracks the railroad company had erected a signal post bearing a bell or

gong which, when in order, rang as trains were approaching the crossing, thus warning travelers along the highway of such approach. The proofs on the part of the defendant showed that as he neared the crossing he slowed down to about ten miles an hour; that he heard no gong or bell ringing from the signal post, heard no whistle blown or bell rung on the locomotive, or any rumble of the approaching train. The plaintiff Andrew Kraus also testified that he heard no ringing of the bell or gong on the signal post, or any warning from the engine as they approached the crossing or they started over the tracks. The defendant, Fisher, stated on his cross-examination that after the collision between his automobile and the train of the railroad company he heard the gong or bell on the signal post ringing, but in another part of his testimony he stated that it was not ringing after the accident happened and after he got out of his car.

The first contention is that a new trial should be ordered because the verdict which, by implication, negatived the claim of the plaintiffs that the collision was the result of negligence on the part of the defendant, is contrary to the weight of the evidence. The contention in support of this claim is that even if the bell on the signal post did not ring and no whistle was blown or bell rung on the locomotive, nevertheless, the defendant owed to his invited guests the duty of making careful observation up and down the track for the purpose of discovering whether or not the train was approaching; that by his own admission he made no such observation, and thus demonstrated his carelessness. We consider this contention to be unsound. In the case of *Snuffin, Administrator,* v. *McAdoo, Director-General of Railroads,* 93 *N. J. L.* 231, the plaintiff sought to recover compensation for the death of his intestate, who was run over by a train while crossing the tracks of a railroad (which was operated by the defendant) at a highway crossing. The defense interposed was that plaintiff's decedent was guilty of contributory negligence in failing to look and listen before crossing the tracks. A crossing bell had been installed at

the intersection of the railroad and the highway. It was held by the Court of Errors and Appeals that, under the statute of 1909 (*Pamph. L., p.* 137), which in substance provides that any person approaching the right of way of a railroad which crosses a public highway, and at which crossing a bell has been installed by the railroad company designed to protect the traveling public from danger in passing over the crossing, is entitled to assume such warning appliance is in good and proper order and will be duly and properly operated unless a written notice "out of order" be posted in a conspicuous place at such crossing, a traveler along a highway has a right under the statute to rely upon the warning of the crossing bell for his safety, and in the absence of the notice "out of order" is entitled to assume that it is safe for him to cross the tracks; and that under such circumstances he is relieved from any obligations to stop, look and listen before starting to cross the railroad tracks. This decision is controlling in the present case on the question of negligence on the part of the defendant, if it be assumed that the signal bell was out of order and did not ring, for there is no suggestion that an "out of order" notice was posted at the crossing. Counsel for the plaintiffs contends that the testimony to which we have referred practically demonstrates that the signal bell was in proper order and was ringing at the time of the accident, and that consequently the rule laid down in the case cited has no application. But the question of whether the signal bell was out of order or not was purely for the jury. Their verdict evidently is based upon the fact that it was out of order and we cannot say that their finding was not justified by the evidence in the case. No representative or employe of the railroad company was called for the purpose of saying that the crossing bell was in order at the time of the accident, and there is nothing bearing upon this point except the testimony which has been already recited.

The next contention is that the trial court was wrong in failing to comply with plaintiffs' request to direct a verdict in their favor based upon the negligence of the defendant.

and to submit to the jury only the question of damages, if any, sustained by the plaintiffs. No argument is made in support of this contention, and clearly it is without merit in view of what has already been stated.

Next it is contended that the court erroneously refused to charge the following request submitted on behalf of the plaintiffs: "If Mr. Fisher was guilty of negligence in not observing the approaching train and which he could have seen if he had looked first to the right at a place where he could see the train, or if he had moved on closer to the track on which the train was coming without looking efficiently and thus seeing the train which immediately thereafter struck him, he was guilty of negligence in placing himself and passengers in a position of peril and had no one else to blame for it, and a verdict should be found for the plaintiffs." This request was properly refused in view of the decision of the Court of Errors and Appeals in Snuffin *v.* McAdoo above referred to.

Next it is argued that the court erroneously neglected to refer to the question of contributory negligence and that the failure to exclude that factor from the consideration of the jury was very injurious to the plaintiffs. This statement is not true in fact. The court charged the jury upon the subject of contributory negligence as follows: "There is no proof in the case that the plaintiffs were guilty of contributory negligence and hence you must not consider that as an element in the case."

Lastly. it is argued that the court erroneously refused to instruct the jury that "if Mr. Fisher failed to observe efficiently and effectively the approach of the train which struck the car, he did not exercise reasonable care and is guilty of such negligence as justifies you in finding a verdict for both plaintiffs." We have already disposed of this point in favor of the defendant.

Our conclusion is that the rule to show cause should be discharged.